Sheryl P. Giugliano
Michael S. Amato
Ruskin Moscou Faltischek, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-0190
(516) 663-6600
sgiugliano@rmfpc.com
mamato@rmfpc.com

*Proposed Counsel to Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
In re:                                                                                          Chapter 11 (Subchapter V)

HAL LUFTIG COMPANY, INC.,
                                                                                                 Case No. 22-11617 (JPM)
                                    Debtor.
---------------------------------------------------------------------X
HAL LUFTIG COMPANY, INC.,

                                    Plaintiff,
                                                                                                 Adv. Pro. No.22_____(___)
                    v.

FCP ENTERTAINMENT PARTNERS, LLC,                             Complaint

                                    Defendant.
---------------------------------------------------------------------X

Hal Luftig Company, Inc. (the "Debtor") the above-captioned debtor and debtor-in-possession, by its attorneys, Ruskin Moscou Faltischek, P.C., as and for its Complaint against Defendant, FCP Entertainment Partners, LLC ("FCP" or "Defendant") pursuant to §§ 105(a) and 362 of Title 11 of the United States Code (the "Bankruptcy Code") for: (i) declaratory judgment that the automatic stay pursuant to § 362 of the Bankruptcy Code be and is extended to Hal Luftig ("Mr. Luftig"); (ii) a temporary restraining order, preliminary injunction and permanent injunction precluding FCP and its officers, directors, members, agents, parents and affiliates from any and all efforts and actions to enforce the Final Award (defined below), the Clerk's

987110

Final Judgment (defined below) and or any judgment or judgments entered with respect to the Final Award and the Clerk's Final Judgment.

## PRELIMINARY STATEMENT

1.   The automatic stay under Bankruptcy Code § 362 must be extended to Mr. Luftig during this Subchapter V small business reorganization case because he is the lifeblood of the company and as the sole shareholder, officer and director, has valid indemnification claims against the Debtor's estate.

2.   The Debtor commenced this voluntary Subchapter V small business reorganization case in response to the entry of a final judgment in the amount of approximately $2.6 million in FCP's favor, confirming an arbitration award which held the Debtor and Mr. Luftig jointly and severally liable for breach of contract despite the fact that Mr. Luftig was not a party to the underlying agreement. Mr. Luftig has filed a notice of appeal of the judgment, but the Debtor has not. During the pendency of the appeal, the Debtor expects that FCP will seek to enforce the judgment against Mr. Luftig

3.   Mr. Luftig's personal efforts, relationships and reputation in the entertainment industry are the bedrock of the Debtor's business, and his efforts and attention must be focused on working on the Debtor's existing projects and identifying and pursuing new opportunities which would result in greater revenues for the Debtor's estate. The Debtor has only two (2) other employees besides Mr. Luftig, so his undivided efforts are a necessary component to the Debtor's successful reorganization.

4.   Mr. Luftig also has indemnification rights under the Debtor's applicable corporate organizational documents and New York State law. To that end, Mr. Luftig's interests and the Debtor's interests are aligned. Based upon these aligned interests, enforcement of the Final Award and Clerk's Final Judgment against the Mr. Luftig will have significant adverse economic

consequences to the Debtor's estate, and inhibit and impede the Debtor's reorganization efforts in the pending Subchapter V small business case.

5. Special or unusual circumstances exist where there is such identity of interest between the Debtor and Mr. Luftig that the Debtor is the real party in interest and any and all efforts to enforce the Final Award and/or the Clerk's Final Judgment against Mr. Luftig constitutes enforcement efforts against the Debtor.

6. As set forth more fully below, to permit the Debtor an opportunity to successfully reorganize, this Court should: (i) enter a declaratory judgment pursuant to §§ 105(a) and 362 of the Bankruptcy Code that the automatic stay be and is extended to Mr. Luftig; and (ii) enter a temporary restraining order, preliminary injunction and permanent injunction precluding FCP and its officers, directors, members, agents, parents and affiliates from any and all efforts and actions to enforce the Final Award, the Clerk's Final Judgment and or any judgment or judgments entered with respect to the Final Award and the Clerk's Final Judgment.

## PARTIES

7. Mr. Luftig is an individual who resides in New York City, New York.

8. The Debtor is a New York corporation, and has its principal place of business in New York City.

9. Defendant FCP is a limited liability company formed under the laws of the State of Nevada, with a principal place of business in Washoe County, Nevada.

## JURISDICTION AND VENUE

10. On December 1, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in this Court, and elected to proceed under Subchapter V of the Bankruptcy Code in a small business

3

reorganization case. The Debtor is authorized to continue to operate and manage its business and property as a debtor in possession under Bankruptcy Code §§ 1107(a) and 1108

11. This proceeding arises under Bankruptcy Code §§ 105(a) and 362(a).

12. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

13. This Court has subject matter jurisdiction over this proceeding because it is "related to" the Debtor's Chapter 11 case within the meaning of 28 U.S.C. §§ 157(a) and 1334(b).

## BACKGROUND FACTS

### The 2007 Agreement between FCP and the Debtor

14. Mr. Luftig is an award-winning Broadway producer who has worked in theatrical productions for over 30 years. His many successful shows include George Wolf's *Jelly's Last Jam,* Tony Kushner's *Angels in America,* Twyla Tharp and Billy Joel's *Movin' Out,* and Tony Award-winning musicals like *Thoroughly Modern Millie* and *Kinky Boots*. He has produced over 30 Broadway shows that collectively have garnered over 80 Tony Awards, and personally have won four Tony Awards, including two as lead producer.

15. Between 2001 and 2022, the Debtor produced several hit Broadway and off-Broadway shows including, but not limited to: *Fiddler on the Roof in Yiddish*; *American Utopia*; *Plaza Suite* starring Matthew Broderick and Sarah Jessica Parker; *Becoming Nancy*; *Legally Blonde the Musical*; *Evita*; *Catch Me If You Can the Musical*; and *Come Fly Away*.

16. Much of the Debtor's success is as a result of, or related to, Mr. Luftig's reputation in the Broadway and theatrical production community.

17. Beginning in the 1990s, Warren Trepp ("Trepp") hired Mr. Luftig to identify and present suitable live theater production opportunities for Trepp's investment through various business entities that Trepp created and controlled.

4

18. Eventually, Trepp decided that it would be beneficial for one of his business entities, FCP, to undertake roles as a general partner or managing member of a production company, rather than simply continuing with passive investments in live theater productions.

19. On or about January 14, 2000, Mr. Luftig formed the Debtor for the purposes of providing his personal services to FCP in connection with live theatre productions with the protections against personal liability afforded by corporate formation.

20. On or about August 16, 2001, FCP and the Debtor entered into an agreement (the "2001 Agreement") to, inter alia, identify potential theatrical properties for investment and possible production.

21. Effective as of January 1, 2007, FCP and the Debtor entered into an agreement (the "2007 Agreement"), which amended and restated the 2001 Agreement in its entirety. A true and correct copy of the 2007 Agreement is annexed hereto as Exhibit "A".

22. The 2007 Agreement includes a choice of law provision specifying that it is governed by California law. (Agreement, Exhibit "A", ¶ 12)

23. The 2007 Agreement includes a loan-out arrangement typical in the t industry, whereby a loan-out company (the Debtor) is formed by a creative talent (Mr. Luftig) who is often the sole owner/manager of the loan-out company. The loan-out company then employs the creative services of an individual (Mr. Luftig), and then enters into a contract with an outside third-party company (FCP) for the use of those creative services.

24. The loan-out company (the Debtor) is used as a means to reduce the creative individual's (Mr. Luftig's) personal liability, protect the creative individual's assets and for the creative individual to enjoy certain tax advantages.

25. Under the 2007 Agreement, the Debtor contracted to furnish to FCP the full time, exclusive services of Mr. Luftig.

5

26. As is usual and customary in the industry, FCP had Mr. Luftig sign an Inducement Letter. Paragraph 5 of the Inducement Letter clearly provides that Mr. Luftig is not a party to the 2007 Agreement, unless and until certain specified conditions occur. A true and correct copy of the Inducement Letter is annexed hereto as Exhibit "B".

27. None of those conditions occurred, and no election by FCP ever was made to substitute Mr. Luftig for Debtor as a party to the 2007 Agreement.

28. FCP and the Debtor mutually agreed to terminate the 2007 Agreement effective January 1, 2015.

29. Since termination of the 2007 Agreement, the Debtor continued producing award-winning Broadway shows under Mr. Luftig's leadership and guidance, and based upon his relationships in the industry and his reputation as a theatrical producer.

30. On July 23, 2019, FCP filed a complaint in Los Angeles Superior Court (the "Superior Court Action") against the Debtor claiming that FCP had not received certain income from *Kinky Boots* and *Elephant Man* to which it claimed to be entitled (Despite the fact that the 2007 Agreement required mediation in the first instance and then confidential arbitration).

**The Arbitration**

31. On August 12, 2019, FCP initiated an arbitration with the American Arbitration Association against the Debtor for breach of contract, and against Mr. Luftig for breach of fiduciary duty (AAA Case No. 01-19-0002-5183)

32. On or about July 21, 2021, the arbitrator issued an interim award (the "Interim Award") determining certain issues of liability and noting that various issues remained to be determined and that a final award would be forthcoming. A true and correct copy of the Interim Award is annexed hereto as Exhibit "C".

6

33. On April 1, 2022, the arbitrator issued his final award (the "Final Award") incorporating the Interim Award and holding that the Debtor and Mr. Luftig, as an individual, were jointly and severally liable for breach of contract for the damages set forth in the Final Award. A true and correct copy of the Final Award is annexed hereto as Exhibit "D".

34. The Final Award also found that *Kinky Boots* was a "vested project" under the 2007 Agreement and, as a result, the Debtor and Mr. Luftig had both breached the 2007 Agreement by failing to pay FCP the 55% share of income due to FCP (above and beyond the $2.6 million in compensatory damages) under the relevant payment provisions of the 2007 Agreement in relation to the production of *Kinky Boots.* Final Award, Exhibit "D", p.4, ¶ 1.

35. The Final Award assigns damages to the breach of contract claim in the amount of $2,638,925.78, to be born jointly and severally by the Debtor and Mr. Luftig. Final Award, Exhibit "D", p. 4, ¶ 1.

**District Court Actions to Confirm and Vacate the Final Award**

36. On April 4, 2022, FCP filed a petition to confirm the Final Award with the U.S. District Court for the Southern District of New York (the "District Court"), Case No. 22-02768 (LAK). Both the Debtor and Mr. Luftig opposed FCP's petition.

37. On May 6, 2022, Mr. Luftig, in his individual capacity, filed a "Petition to Vacate the Final Award" with the District Court, Civ. Case No. 22-03697 (LAK) arguing that he was not jointly and severally liable for a breach of contract claim because: (i) he was not a party to the 2007 Agreement, (ii) FCP made no election under the applicable "Inducement Letter" annexed to the 2007 Agreement as a basis for personal liability to FCP, (iii) there were no allegations of piercing the corporate veil or alter ego, and the Arbitrator explicitly rejected FCP's breach of fiduciary duty claim.

38. FCP opposed Mr. Luftig's petition to vacate the Final Award.

7

39.     On October 26, 2022, the District Court entered a Memorandum and Order in both actions granting FCP's petition to confirm the Final Award and denying Mr. Luftig's petition to vacate the Final Award (Civ. Case No. 22-cv-02768-LAK, ECF No. 33)

**Final Judgment and Automatic Stay**

40.     On October 31, 2022, FCP filed a Motion for Judgment with the District Court and submitted a proposed Final Judgment.

41.     On November 2, 2022, the District Court entered the Clerk's Final Judgment ("Clerk's Final Judgment"), but rejected FCP's proposed abstract of judgment as deficient and premature, and closed both related cases before the District Court.

42.     On November 15, 2022, FCP submitted a Proposed Judgment in the action to confirm the Final Award, which was reviewed and approved by the District Court as to form on November 16, 2022, but has not been entered as of the date hereof.

43.     On November 22, 2022, FCP filed a letter Motion to reopen the case in which it moved to confirm the Final Award to address FCP's motion for entry of an amended final judgment.

44.     Mr. Luftig timely filed an appeal of the District Court Orders.

45.     On November 29, 2022, FCP filed another motion to alter the Clerk's Judgment in a clear effort to avoid triggering a new 30 day stay under Rule 62 which would occur if the District Court entered a new or amended judgment.

46.     Pursuant to Rule 62 of the Federal Rules of Civil Procedure there is a 30-day automatic stay imposed upon judgment enforcement proceedings, which stays FCP's judgment enforcement efforts through December 2, 2022, or 30 days from entry of the amended final judgment when one is entered, whichever is later.

## COUNT I
### (Request for Declaratory Judgment that Automatic Stay is Applicable and Extending Automatic Stay to Mr. Luftig)

47.     The Debtor repeats, reiterates and restates each and every allegation set forth in paragraphs numbered 1 through 46 as if fully set forth at length hereat.

48.     Bankruptcy Code § 362(a) automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

49.     Bankruptcy courts will extend the automatic stay to non-debtor third parties in "special" or "unusual" circumstances.

50.     Special or unusual circumstances exist warranting extension of the automatic stay pursuant to Bankruptcy Code § 362(a) as there exists an identity between the Debtor and Mr. Luftig such that the Debtor may be said to be the true judgement debtor, and that enforcement of the Final Award and Clerk's Final Judgment against Mr. Luftig will have significant adverse economic consequences to the Debtor's estate, and inhibit and impede the Debtor's reorganization efforts in the pending Subchapter V small business bankruptcy proceeding.

51.     Mr. Luftig is entitled to indemnification from the Debtor as a result of any and all enforcement efforts by FCP, including attorneys' fees and expenses, under applicable corporate organizational documents and New York State law.

52.     The automatic stay is applicable to FCP's efforts to enforce the Final Award and Clerk's Final Judgment against Mr. Luftig, as these efforts constitute enforcement efforts indirectly against the Debtor.

53.     To prevent this circumvention of the Bankruptcy Code, the automatic stay should be extended to Mr. Luftig.

54. Accordingly, the Court should enter declaratory judgment that the automatic stay pursuant to §§ 105(a) and 362 of the Bankruptcy Code that the automatic stay be and is extended to Mr. Luftig.

## COUNT II
### (Request for Injunctive Relief)

55. The Debtor repeats, reiterates and restates each and every allegation set forth in paragraphs numbered 1 through 54 as if fully set forth at length hereat.

56. The Debtor seeks injunctive relief pursuant to Bankruptcy Code § 105(a), which states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title."

57. Mr. Luftig is entitled to indemnification from the Debtor as a result of any and all enforcement efforts by FCP, including attorneys' fees and expenses, under applicable corporate organizational documents and New York State law.

58. There exists an identity between the Debtor and Mr. Luftig such that the Debtor is the true judgement debtor, and that enforcement of the Final Award and Clerk's Final Judgment against the Mr. Luftig will have significant adverse economic consequences to the Debtor's estate, and inhibit and impede the Debtor's reorganization efforts in the pending Chapter 11 proceeding.

59. FCP's efforts to enforce the Final Award and Clerk's Final Judgment against Mr. Luftig clearly is an effort to obtain estate property and should be enjoined pursuant to the automatic stay.

60. An injunction is appropriate because FCP's enforcement efforts would defeat or impair this Court's jurisdiction with respect to this Chapter 11 case, and over the Debtor's estate, and give FCP unwarranted priority over other creditors.

61. This Court has discretion to enjoin FCP without requiring the Debtors to demonstrate the traditional factors normally required for and injunction such as adequate remedy at law or irreparable harm.

62. The Debtor demonstrated a probability of success on the merits of its claims.

63. The Debtor will suffer irreparable harm absent the entry of a temporary restraining order and preliminary injunction.

64. The balance of hardships weigh decidedly in Debtor's favor and the public interest clearly will be served by entry of a temporary restraining order and preliminary injunction.

65. The Debtor has no adequate remedy at law, because only an extension of the automatic stay pursuant to § 362 of the Bankruptcy Code and a temporary, preliminary and permanent injunction staying enforcement of the Final Award and Clerk's Final Judgment as against Mr. Luftig will provide the appropriate relief required under these circumstances.

66. Accordingly, pursuant to Bankruptcy Code § 105(a), the Debtor requests that the Court enter temporary, preliminary and final orders enjoining and staying FCP and its officers, directors, members, agents, parents and affiliates from any and all efforts and actions to enforce the Final Award, the Clerk's Final Judgment and or any judgment or judgments entered with respect to the Final Award and the Clerk's Final Judgment.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court:

i. Enter a judgment declaring that the automatic stay is applicable to FCP's efforts to enforce the Final Award against Mr. Luftig and extending the automatic stay pursuant to §362 of the Bankruptcy Code to Mr. Luftig.

ii. Enter temporary, preliminary and final orders enjoining and staying FCP and its officers, directors, members, agents, parents and affiliates from any and all efforts and actions to enforce the Final Award, the Clerk's Final Judgment and or any judgment or judgments entered with respect to the Final Award and the Clerk's Final Judgment against Mr. Luftig; and

iii. Such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
November 30, 2022

RUSKIN MOSCOU FALTISCHEK, P.C.
*Proposed Attorneys for Debtor*
*Hal Luftig Company, Inc.*

By:  s/ Sheryl P. Giugliano
Sheryl P. Giugliano
Michael S. Amato
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, NY 11556-1425
(516) 663-6600