# RUSKIN MOSCOU FALTISCHEK P.C.
*Counselors at Law*

Writer's Direct Dial: (516) 663-6638
Writer's Direct Fax: (516) 663-6838
Writer's E-Mail: sgiugliano@rmfpc.com

December 20, 2022

<u>By ECF and Email</u>
Hon. John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Hal Luftig Co., Inc.*, Ch. 11, Subchapter V, Case No. 22-11617(JPM)
      *Hal Luftig Co., Inc. v. FCP Entertainment Partners, LLC,*
      Adv. Pro. No. 22-01176 (JPM)

Your Honor:

This firm is proposed counsel to Hal Luftig Company, Inc. (the "Debtor"), debtor and debtor-in-possession in the above-referenced chapter 11 Subchapter V reorganization case, and plaintiff in the above-referenced adversary proceeding.

During the December 16, 2022 hearing on the Debtor's *Motion Pursuant to 11 U.S.C. §§ 362(a) and 105(a): (i) to Extend the Automatic Stay to Non-Debtor Hal Luftig; (ii) for a Temporary Restraining Order and Preliminary Injunction; (iii) Setting Emergency Hearing Date on Debtor's Motion; and (iv) Fixing the Form and Manner of Notice* (ECF Doc. No. 3) (the "Motion"), your Honor requested letter briefs from each of the parties (no more than two-pages in length), on the issue of whether granting the relief requested in the Motion, and extending the automatic stay to Mr. Luftig as to judgment enforcement and collection efforts by FCP Entertainment Partners LLC ("FCP") would in turn stay prosecution of Mr. Luftig's appeal (the "Appeal") to the Second Circuit of the District Court's order (i) denying Mr. Luftig's petition to vacate the arbitration award, and (ii) granting FCP's petition to confirm the award.

The Debtor and Hal Luftig submit that Second Circuit case law provides that if the Motion is granted, and the automatic stay is extended to Mr. Luftig, then the Appeal would also be stayed for the time period in which the automatic stay is extended to Mr. Luftg..  In *Queenie Ltd. v. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir.

December 20, 2022
Page 2

2003), the Second Circuit held that the automatic stay applied to enjoin the pending appeal by the debtor's wholly-owned non-debtor subsidiary, even though the appeal was not being prosecuted by the debtor, because adjudication of a claim against that non-debtor would have an immediate adverse economic impact on the debtor. This conclusion is consistent with decisions in the Second Circuit holding that a debtor may not use the automatic stay as a shield and a sword. *Fellerman & Cohen Realty Corp. v. Clinical Plus, Inc.,* 156 B.R. 379 (Bankr. E.D.N.Y. 1993); *In re Uchitel,* Case No. 20-11585 (JLG), 2022 WL 3134217 *14 (Aug. 4, 2022).

Here, while the Debtor has not appealed to the Second Circuit, Mr. Luftig has and, under *Queenie,* a decision on Mr. Luftig's appeal may have an "immediate adverse impact" on the Debtor's case. Accordingly, if this Court grants the relief requested in the Motion, and extends the automatic stay to Mr. Luftig, then the parties submit that the automatic stay would stay the Appeal for the time period that the automatic stay is extended to Mr. Luftig.

We remain available to answer any questions or concerns the Court may have in connection with this letter, the Motion, or otherwise. The parties, reserve all of their respective rights, remedies and defenses available at law and in equity.

        Respectfully submitted,

        *s/ Sheryl P. Giugliano*

        Sheryl P. Giugliano
        *Proposed counsel to Hal Luftig*
        *Company, Inc., debtor and debtor-in-*
        *possession*

        *s/ Adam L. Rosen*

        Adam L. Rosen, PLLC
        *Co-counsel to Hal Luftig*

cc: Martin J. Foley, Esq.; John A. Mueller, Esq.; Richard Scherer, Esq. Charles N. Persing; Paul Schwartzberg, Esq. (by email)

989776