

December 20, 2022

<u>VIA ECF</u>
Honorable John P. Mastando III
U.S. Bankruptcy Court, Southern District of New York
1 Bowling Green
New York, NY 10004

    Re:  *Hal Luftig Company, Inc. v. FCP Entertainment Partners, LLC*
          Case No.: 1:2022-ap-01176

Dear Judge Mastando:

We represent FCP Entertainment Partners, LLC ("FCP") in the above-referenced adversary proceeding. We write pursuant to your Honor's request that the parties provide their positions as to what effect an extension of the automatic stay, pursuant to Section 362(a) of the Bankruptcy Code, to non-debtor Hal Luftig ("Luftig") would have on Luftig's pending appeals in the Second Circuit related to the arbitration award issued in a certain arbitration captioned as *FCP Entertainment Partners v. Hal Luftig Company, Inc. and Hal Luftig*, AAA Case No. 01-19-0002-5183, (the "Final Award"), which, among other things, found that Hal Luftig Company, Inc. ("HLC") and Luftig, jointly and severally, shall pay $2,638,925.78 to FCP.

As the Court is aware, on October 26, 2022, the District Court issued its consolidated Memorandum and Order granting FCP's petition to confirm the Final Award (in the civil action entitled *FCP Entertainment Partners, LLC v. Hal Luftig Company, Inc, et al.*, Index No.: 22-cv-2768); and denuing Luftig's petition to vacate the Final Award (in the civil action entitled *Hal Luftig v. FCP Entertainment Partners, LLC*, Index No.: 1:22-cv-03697). Thereafter, on November 29, 2022 and December 1, 2022, Luftig filed notices of appeal in each of the actions, seeking to appeal the same consolidated Order and Judgment.

Put simply, it is FCP's position that an extension of the automatic stay to Luftig would indeed stay the pending appeals as they each arise from proceedings against Luftig – namely the Final Award finding Luftig and HLC, jointly and severally liable for damages in the amount of $2,638,925.78.

Section 362(a) stays any proceeding against the debtor that was or could have been commenced before filing for bankruptcy. In the event that the relief of the automatic stay is extended to a non-debtor, that party benefits from the same advantage of enjoining all proceedings against it. In *Koolik v. Markowitz*, the Second Circuit clarified the meaning of "against the debtor" explaining that "[w]hether an action or proceeding is 'against' the debtor is determined by the posture of the parties at the commencement of the action or proceeding, not by which party has initiated

Richard M. Scherer, Jr.  |  Partner  |  rscherer@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202    Phone: 716.853.5100    Fax: 716.853.5199    lippes.com

**New York:** Albany, Buffalo, New York City, Rochester  //  **Florida:** Jacksonville  //  **Illinois:** Chicago  //  **Ontario:** Greater Toronto Area  //  **Washington, D.C.**

the appeal." 40 F.3d 567, 568 (2d Cir. 1994); *see also Queenie, Ltd v. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir. 2003).

Here, each of the appeals relate to proceedings against Luftig as they both arise out of the same record, the same consolidated Order and Judgment, and most importantly the same Final Award finding liability against Luftig and HLC jointly and severally. As such, in the event the Court grants HLC's motion to extend the automatic stay, Luftig's appeals of the Order and Judgment will also be stayed.

It is FCP's position that this reality is further evidence for why HLC's motion should be denied. In this regard, the extension of the automatic stay will not merely stay the enforcement of FCP's judgment, but will unreasonably delay Luftig's appeal of the very Judgment FCP seeks to enforce. Simply put, any additional delay of the appeals goes above and beyond what is contemplated by the Bankruptcy Code and is further evidence that HLC's motion should be denied.

Very truly yours,

LIPPES MATHIAS LLP

*/s/ Richard M. Scherer, Jr.*

Richard M. Scherer, Jr.