UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Hal Luftig Company, Inc.,<br><br>               Debtor. | Chapter 11<br><br>Case No. 22-11617 (JPM) |
| Hal Luftig Company, Inc.,<br><br>               Plaintiff,<br><br>v.<br><br>FCP Entertainment Partners, LLC,<br><br>               Defendant. | Adv. Case No. 22-01176 (JPM) |

## MEMORANDUM OPINION AND ORDER

**APPEARANCES:**

**RUSKIN MOSCOU FALTISCHEK, P.C.**
*Counsel for Hal Luftig Company, Inc.*
1425 RXR Plaza, 15th Floor
Uniondale, NY 11556
By:    Michael S. Amato, Esq.
         Briana Enck, Esq.
         Sheryl P. Giugliano, Esq.

**LIPPES MATHIAS LLP**
*Counsel for FCP Entertainment Partners, LLC*
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
By:    John Mueller, Esq.

**CHARLES PERSING**
*Subchapter V Trustee*
100 Passaic Avenue, Suite 310
Fairfield, NJ 07004

1

**MARTIN J. FOLEY, PLC**
*Counsel for Hal Luftig*
601 S. Figueroa Street, Suite 2050
Los Angeles, CA 90017
By:    Martin J. Foley, Esq.

**ADAM L. ROSEN PLLC**
*Counsel for Hal Luftig*
1051 Port Washington Boulevard, P.O. Box 552
Port Washington, NY 11050
By:    Adam L. Rosen, Esq.

**HAL LUFTIG**
117 W. 17th Street
New York, NY 10011

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of Debtor-Plaintiff Hal Luftig Company, Inc.—a company that develops, acquires, presents and promotes Broadway and off-Broadway shows such as *Kinky Boots*, *Plaza Suite*, and *Legally Blonde*—to extend the automatic stay and provide injunctive relief to non-debtor Hal Luftig ("Mr. Luftig"), Plaintiff's sole shareholder, director and CEO. Debtor-Plaintiff, Hal Luftig Company, Inc. (the "Plaintiff"), filed a petition for Chapter 11 bankruptcy on December 1, 2022 [Bankr. Docket No. 1]. Plaintiff commenced this adversary proceeding on the same day with the filing of a complaint (the "Complaint") [Docket No. 1] against Defendant FCP Entertainment Partners, LLC (the "Defendant") seeking an extension of the automatic stay to non-debtor Mr. Luftig and injunctive relief against the Defendant precluding the enforcement and collection of a final award (the "Final Award") and judgment (the "Clerk's Final Judgement") against Mr. Luftig that was awarded in arbitration and confirmed by the United States District Court for the Southern District of New York (the "District Court"), in the cases styled *FCP Entertainment Partners, LLC v. Hal Luftig Company, Inc., et ano.*, No. 22-cv-2768 (LAK), and *Hal Luftig v. FCP Entertainment Partners, LLC*, No. 22-cv-3697 (LAK) (collectively, the "SDNY

2

Proceedings"). [Complaint Ex. C; Declaration of John A. Mueller Ex. H.] Along with the complaint, Plaintiff filed the Declaration of Michael S. Amato ("Amato Declaration") [Docket No. 2], the Declaration of Hal Luftig ("Luftig Declaration") [Bankr. Docket No. 5] and Memorandum of Law in Support of Debtor's Motion ("Memorandum in Support") [Docket No. 3]. The Court held an emergency hearing on December 1, 2022, at which time the parties agreed to maintain the *status quo* and set a briefing schedule for the issues raised in the Complaint, Amato Declaration, Luftig Declaration and Memorandum in Support. On December 2, 2022, the Court issued an order [Docket No. 7] approving the stipulation between the parties reflecting the agreement made at the emergency hearing. In accordance with the briefing schedule, Defendant filed a memorandum in opposition (the "Opposition") [Docket No. 11], Declaration of John A. Mueller (the "Mueller Declaration") [Docket No. 12] and Declaration of Warren Trepp (the "Trepp Declaration") [Docket No. 13] on December 9, 2022, and Plaintiff filed a reply (the "Reply") [Docket No. 15] and the Supplemental Luftig Declaration (the "Supplemental Declaration") [Docket No. 16] on December 14, 2022. The Court held a further hearing on December 16, 2002, and, on December 20, 2022, the parties submitted letter briefs regarding the potential impact of any stay or injunction on the appeal of the SDNY Proceedings [Docket Nos. 19–20].

I.    **BACKGROUND**

The Complaint asserts two causes of action: Count I seeks a declaratory judgment that that the automatic stay is applicable and extends to non-debtor Mr. Luftig, and Count II seeks injunctive relief staying Defendant and its officers, directors, members, agents, parents and affiliates from any and all efforts and actions to enforce the Final Award and Clerk's Final Judgment. [Amato Declaration Ex. A.] The Final Award and Clerk's Final Judgment relate to claims in an arbitration by Defendant against Plaintiff and Mr. Luftig for breach of contract and fiduciary duty. The

arbitrator directed Plaintiff and Mr. Luftig to jointly and severally pay Defendant the sum of $2,638,925.78 and granted Defendant a 55% share of future net income in relation to the production of *Kinky Boots*, and the District Court confirmed the award. [Mueller Declaration Exs. A, G–I.]

Plaintiff is a New York corporation that "develops, acquires, presents and promotes theatrical plays, musicals, and similar works of theater on stage and in other media," including, as set forth above, *Kinky Boots*, *Plaza Suite* and *Legally Blonde*. [Luftig Declaration ¶¶ 2–4.] Defendant is a Nevada limited liability company in the business of managing and investing in live theater production companies. [*Id.* at ¶ 18; Amato Declaration Ex. A ¶¶ 8, 14–30.]

Plaintiff argues that "unusual circumstances" exist such that the stay should be extended to non-debtor Mr. Luftig, the sole shareholder, officer and director of Plaintiff. [Amato Declaration Ex. A ¶ 5.] Plaintiff states that Mr. Luftig is the "lifeblood" of the company, and his "personal efforts, relationships and reputation" form the basis of Plaintiff's business. [*Id.* at ¶¶ 1, 3; Luftig Declaration ¶ 11.]

Since Plaintiff stands to profit from many of the shows produced by Mr. Luftig, Plaintiff contends that, if the stay is not extended, the distraction of defending against the judgment and enforcement collection efforts related to the Final Award and Clerk's Final Judgment will significantly impair Plaintiff's revenue stream and reorganization efforts. [Luftig Declaration ¶¶ 11–16; Memorandum in Support 7–8.] Plaintiff also asserts that Mr. Luftig is entitled to indemnification for all damages, including attorney's fees, resulting from the Final Award and Clerk's Final Judgment under Plaintiff's bylaws and New York law. [Amato Declaration Ex. A ¶ 4; Luftig Declaration ¶ 62.] Plaintiff further argues that Plaintiff is the real party in interest in any enforcement efforts against Mr. Luftig, as Mr. Luftig is essential to Plaintiff's business and

4

the indemnification provision creates a unity of interest between Plaintiff and Mr. Luftig. [Luftig Declaration ¶¶ 59, 62; Memorandum in Support 10.]

Plaintiff further contends that it has satisfied the requisite elements for issuance of a preliminary injunction. First, Plaintiff states that it is likely to succeed on its argument for an extension of the stay based on the arguments outlined above. [Memorandum in Support 16.] Second, Plaintiff states that it will suffer irreparable harm if the injunction is not issued because Mr. Luftig will not be able to devote his full attention to generating revenue for Plaintiff. [*Id.* at 17–18.] Third, Plaintiff argues that the balance of hardships weighs in its favor, as not issuing the injunction will impair an essential component of Plaintiff's reorganization. [*Id.* at 19.] Fourth, Plaintiff states that an injunction is in the public interest, as it supports the original purpose of the agreement between Plaintiff and Defendant, which was intended to be between two business entities. [*Id.*] Finally, Plaintiff asserts that it has no adequate remedy at law because only an extension of the automatic stay and injunctive relief will stay the enforcement efforts against Mr. Luftig. [*Id.* at 20.]

In response, Defendant first argues that "unusual circumstances" warranting an extension of the stay do not exist in this case. [Opposition 1.] Defendant contends that since Mr. Luftig is independently liable as a joint tortfeasor, he cannot rely on the "unusual circumstances" exception under the caselaw. [*Id.* at 7.] Furthermore, Defendant states that the absence of a stay will not significantly impair Plaintiff's reorganization efforts. Defendant notes that there is already a final judgment in the SDNY Proceedings, and therefore no further discovery, pretrial costs or other "realities of modern litigation" are necessary. [*Id.*] Second, Defendant asserts that Plaintiff did not establish that Mr. Luftig is entitled to indemnification by Plaintiff. [*Id.* at 12–14.] Finally, Defendant claims that Plaintiff did not establish immediate adverse consequences to the estate in

5

the absence of a stay extension. [*Id.* at 14–16.] Defendant argues that the distractions of dealing with the judgment are not sufficient to show a material effect on Plaintiff's reorganization. [*Id.* at 15.] Defendant further argues that the majority of Mr. Luftig's current work is not on behalf of Plaintiff but instead benefits other entities. [*Id.*; Trepp Declaration ¶ 23.]

Defendant also disputes that Plaintiff has no adequate remedy at law because, pursuant to Federal Rule of Civil Procedure 62(b), Mr. Luftig can obtain a stay by providing a bond or other security in connection with the appeal of the SDNY Proceeding. [Opposition 16–17.] Defendant claims that the present litigation is simply an effort to avoid posting the bond required by the Federal Rules of Civil Procedure. [*Id.*]

In its reply, Plaintiff reasserts the difficulties it will face if the stay is not extended. Plaintiff responds that the "legacy" projects identified by Defendant produce revenue for Plaintiff, as Plaintiff maintains an interest in the companies producing these projects. [Reply 4–5.] Plaintiff further states that Mr. Luftig works on these projects daily, and this work would be impaired if the Court does not extend the stay. [*Id.* at 4.] Plaintiff also argues that the extension of the stay would further the purpose of the Bankruptcy Code, as it would provide critical relief to the Plaintiff. [*Id.* at 10.]

Plaintiff also reasserts that Mr. Luftig is entitled to indemnification by Plaintiff. [Reply 8.] Plaintiff has attached the bylaws of Hal Luftig Company, Inc. to the Supplemental Declaration, which bylaws state:

> Any person made or threatened to be made a party to an action or proceeding, whether civil or criminal, by reason of the fact that he, his testator or intestate, then, is, or was a director or officer of the Corporation, or then serves or has served on behalf of the corporation in any capacity at the request of the Corporation, shall be indemnified by the Corporation against reasonable expenses, judgments, fines and amounts actually and necessarily incurred in connection with the defense of such action or proceeding or in connection with an appeal therein, including attorney's fees actually and necessary incurred as a result of such action, to the fullest extent

6

> permissible by the laws of the State of New York if such director or officer acted in good faith, for a purpose which he reasonably believed to be in, or, not opposed to, the best interests of the Corporation, and in criminal actions, had no reasonable cause to believe that his conduct was unlawful. Such right of indemnification shall not be deemed exclusive of any other rights to which such person may be entitled.

[Supplemental Declaration Ex. B.]

Plaintiff also contends that Mr. Luftig's liability is derivative of his relationship to Plaintiff, and, therefore, Mr. Luftig is not excluded from the "unusual circumstances" exception. [Reply 10.] Plaintiff states that his liability arises out of a breach of a contract between two business entities (Plaintiff and Defendant) and that Mr. Luftig was not party to the underlying contract. [*Id.*] Plaintiff asserts that Mr. Luftig did not individually perform any action that would serve as the basis of liability, and that in the underlying arbitration, the breach of fiduciary duty claim against Mr. Luftig was dismissed. [*Id.*; Mueller Declaration Ex. A.] Plaintiff further argues that it does not have an adequate remedy at law, as Mr. Luftig does not have the financial resources to post a bond and Plaintiff is seeking to stay the enforcement of the judgment pending the conclusion of the bankruptcy, not the conclusion of the appeal. [Reply 13.]

**II.    DISCUSSION**

### A. EXTENSION OF THE AUTOMATIC STAY TO A NON-DEBTOR PURSUANT TO 11 U.S.C. § 362

The automatic stay, provided for in section 362 of title 11 of the United States Code (the "Bankruptcy Code"), automatically stays all proceedings against the debtor.[1] The automatic stay continues until the earliest of "the time the case is closed," "the time the case is dismissed," or, if the case is one filed under Chapter 11, "the time a discharge is granted or denied." 11 U.S.C. § 362(c). As a general rule, the automatic stay does not apply to non-debtors. *See Mardice v. Ebony Media Operations, LLC*, No. 19-CV-8910 (VSB), 2021 WL 146358, at *3 (S.D.N.Y. Jan. 15,

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

7

2021). However, the Second Circuit has held that the automatic stay can extend to non-debtors where a claim against a non-debtor "will have an immediate adverse economic consequence for the debtor's estate," including "actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287–88 (2d Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)) (internal quotations omitted). A showing that the debtor is obligated to indemnify the non-debtor party is sufficient to demonstrate that enforcement of a judgment against a non-debtor will result in immediate adverse economic consequence to the Debtor's estate. *See Durr Mech. Constr., Inc. v. I.K. Constr. Inc. (In re Durr Mech. Constr., Inc.)*, 604 B.R. 131, 137 (Bankr. S.D.N.Y. 2019); *see also In re Lomas Fin. Corp.*, 117 B.R. 64, 68 (S.D.N.Y. 1990). The extension of the stay must be consistent with the purpose of the stay, which is to facilitate the reorganization of the debtor. *See Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999). While the stay has frequently been extended to non-debtor officers and principals, only showing control of the debtor by the non-debtor is insufficient for the stay to be extended to the non-debtor party; the moving party must show that the failure to extend the stay would have an adverse impact on reorganization efforts. *Id.* at 242. "In addition, section 105 of the Bankruptcy Code provides bankruptcy courts with broad discretion to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *In re Calpine Corp.*, 354 B.R. 45, 48 (Bankr. S.D.N.Y. 2006).

Mr. Luftig asserts that he is entitled to be indemnified by the Debtor for any amounts that Mr. Luftig is obligated to pay to satisfy the Clerk's Final Judgment and for Mr. Luftig's attorney fees. [Luftig Declaration ¶ 62; Reply 8.] In support of this assertion, Plaintiff has attached the bylaws of Hal Luftig Company, Inc., quoted *supra*, as Exhibit B to the Supplemental Luftig

Declaration. Therefore, any judgment enforced against Mr. Luftig would result in a claim against the estate, frustrating Plaintiff's efforts to confirm a plan and successfully reorganize. *See Durr*, 604 B.R. 131 at 137.

Furthermore, "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant," and enforcement of the Final Award and Clerk's Final Judgment would have an immediate adverse impact on Plaintiff's reorganization efforts. *Queenie*, 321 F.3d at 287–88 (quoting *A.H. Robins Co.*, 788 F.2d at 999). Mr. Luftig is one of three employees of Plaintiff and is its president and sole shareholder. [Luftig Declaration ¶ 1; Complaint 3.] As set forth above, Plaintiff is a developer, presenter and promoter of Broadway shows, and Plaintiff's success largely depends on Mr. Luftig's ability to produce shows and pursue new opportunities. [Luftig Declaration ¶¶ 1, 4, 13; Memorandum in Support 3–6, Exs. A–B.] Most of Plaintiff's business is generated through Mr. Luftig's efforts, and Plaintiff has several investments in Mr. Luftig's current projects. [Luftig Declaration ¶ 11; Motion 19; Reply 3–8.] As Plaintiff's reorganization depends on the company's ability to generate revenue and repay its creditors, Mr. Luftig must be free to continue his efforts toward current projects and new opportunities for the company. [Luftig Declaration ¶ 11.] If the Clerk's Final Judgment is enforced against Mr. Luftig, he will have to reduce his efforts for Plaintiff and defend against or satisfy the judgment. [*Id.*] Thus, the Court finds that the automatic stay should extend to non-debtor Mr. Luftig.

The cases cited by Defendant in support of its argument—*CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31 (S.D.N.Y. 1990) and *Mardice*, 2021 WL 146358—are distinguishable. In *CAE*, the claims against the non-debtor, a former executive of the debtor, were based on his significant individual involvement in a transfer of assets between companies, which is not the case

9

here. *See* 116 B.R. at 33–34. In *Mardice*, none of the non-debtors wholly owned the debtor, and the claims against the non-debtors were based upon their individual powers as employers. *See* 2021 WL 146358, at *4–5. Unlike *Mardice*, Mr. Luftig is the president and sole shareholder of Plaintiff. [Luftig Declaration ¶ 1.] In addition, liability is predicated upon the breach of a contract between Plaintiff and Defendant under which Defendant was due "55% share of LLC income" in relation to one of Plaintiff's productions. [*Id.* at ¶ 12 n.1.] Mr. Luftig was not a party to this agreement and was not found to have breached any fiduciary duty. [*Id.* at ¶ 29; Mueller Declaration Ex. A.] Mr. Luftig's liability is a result of breach of contract by a business entity rather than personal conduct. [Mueller Declaration Ex. A.] While Mr. Luftig and Plaintiff were found jointly and severally liable by the arbitrator and the District Court, Mr. Luftig's liability is still derivative of his status as director of Plaintiff.

The Court thus grants Plaintiff's motion to extend the automatic stay to Mr. Luftig.

### B. INJUNCTIVE RELIEF UNDER 11 U.S.C. § 105(a)

Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy courts have the power "to enjoin acts against third parties when they impair a debtor's ability to reorganize in a chapter 11 case." *In re Lyondell Chem. Co.*, 402 B.R. 571, 587 (Bankr. S.D.N.Y. 2009).

A party seeking a preliminary injunction must establish four elements: "(1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance

of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (citing *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Bankruptcy courts in the Second Circuit have construed the requirements for a preliminary injunction liberally to prevent the frustration of the reorganization process. *See In re Adelphia Comm. Corp.*, 298 B.R. 49, 54 (S.D.N.Y. 2003) (quoting *MacArthur Co. v. Johns-Manville Corp.*, 837 F.3d 89, 93 (2d Cir. 1988)).

In the context of granting a preliminary injunction to preserve a reorganization, courts generally look to the likelihood of a successful reorganization when determining whether a party has satisfied the "likelihood of success on the merits" prong of the preliminary injunction test. *See Lyondell*, 402 B.R. at 589; *see also In re Calpine Corp.*, 365 B.R. 401, 410 (S.D.N.Y. 2007); *In re Phila. Newspapers, LLC*, 407 B.R. 606, 617 (E.D. Pa. 2009). At this early point in the case, the Debtor appears to be on track with its reorganization efforts. Thus far, Debtor has complied with the requirements of Chapter 11, Subchapter V, and there are no reasons to conclude that the Debtor will not be able to reorganize. *See Lyondell*, 402 B.R. at 590. Therefore, the Court finds that the Debtor is likely to be able to successfully reorganize.

The Court also finds that Plaintiff will suffer irreparable harm if the injunction is not granted. As Mr. Luftig is indemnified by Plaintiff, any judgment enforced against Mr. Luftig will ultimately become a claim against the estate—burdening efforts to formulate a plan and potentially decreasing the recovery available to other creditors. *See Durr*, 604 B.R. 131 at 137; *see also A.H. Robins Co.*, 788 F.2d at 1008; [Supplemental Declaration Ex. B.] Additionally, if Plaintiff is unable to focus on generating revenue, it will be more difficult or impossible to successfully confirm a plan. [Luftig Declaration ¶¶ 11, 59.] As Plaintiff has filed under Subchapter V, it must file a plan within 90 days of filing for bankruptcy, and any potential reductions in revenue could

11

have a significant impact on Plaintiff's ability to file a plan and successfully reorganize. *See* 11 U.S.C. § 1189. Thus, the Court finds that Plaintiff is likely to suffer irreparable harm in the event injunctive relief is not granted.

The Court also finds that the balance of harms weighs in favor of Plaintiff. As the driver of revenue for Plaintiff, any burdens placed upon Mr. Luftig will impair his management of the company and reduce the likelihood of a successful reorganization. [Luftig Declaration ¶¶ 11, 59.] Mr. Luftig's work on various productions, reputation in the industry and business contacts are the basis for the company's reorganization. [*Id.* at ¶¶ 13–15.] As stated above, Plaintiff will have 90 days to file a Plan under Chapter 11, Subchapter V of the Bankruptcy Code. Therefore, Defendant is unlikely to be stayed for an unduly long period of time.

In addition, granting the injunction is not adverse to the public interest. Courts have found that removing obstacles to plan formation and promoting a successful bankruptcy reorganization benefit the public interest. *See, e.g.*, *In re Johns-Manville Corp.*, 26 B.R. 420, 428 (Bankr. S.D.N.Y. 1983); *In re Phila. Newspapers, LLC*, 407 B.R. at 617. Here, the enforcement of the judgment against Mr. Luftig would create a significant obstacle to confirmation of a plan and a successful reorganization. [Luftig Declaration ¶¶ 1, 4, 13.] The Court finds that granting the injunction would not be adverse to the public interest and that Plaintiff has satisfied the requirements for a preliminary injunction.

Finally, the Court finds that Plaintiff does not have any other adequate remedy at law. "Where there is a showing that the action sought to be enjoined would burden, delay or otherwise impede the reorganization proceeding or if the stay is necessary to preserve or protect the debtor's estate or reorganization prospects, the Bankruptcy Court may issue injunctive relief." *Calpine*, 354 B.R. at 48. Defendant asserts that Mr. Luftig has an adequate remedy at law because he can stay

12

enforcement efforts by posting a bond pending the resolution of Mr. Luftig's appeal. [Opposition 16.] Mr. Luftig would have to contribute significant financial resources to posting security pending the appeal of the Final Award and Clerk's Final Judgment. [Reply 13.] Mr. Luftig's financial uncertainty would prevent Mr. Luftig from dedicating his full attention to Plaintiff's reorganization and could impact his business relationships and impede Plaintiff's reorganization. In addition, the stay will extinguish upon the closing of the case, dismissal of the case, or grant or denial of Plaintiff's discharge, making it a more complete remedy than a bond pending Mr. Luftig's appeal, which would extinguish upon resolution of the appeal.[2] *See Soley v. Wasserman*, 2013 WL 5780814, at *1 (S.D.N.Y. Oct. 24, 2013).

### III.    CONCLUSION

Based on the foregoing, Plaintiff's motion is granted, and the automatic stay is extended to non-debtor Hal Luftig. Defendant FCP Entertainment Partners, LLC and its officers, directors, members, agents, parents and affiliates shall refrain from taking any actions against Mr. Luftig, and/or his assets, including, but not limited to, any enforcement actions with respect to the Final Award, the Clerk's Final Judgment and/or any order, judgment or judgments entered in connection therewith. Notwithstanding the foregoing, nothing herein shall prevent Defendant FCP Entertainment Partners, LLC or Mr. Luftig from opposing or otherwise responding to any filings in the District Court or Court of Appeals related to the Final Award, the Clerk's Final Judgment and/or any order, judgment or judgments entered in connection therewith, and nothing herein shall

---

[2] Although the parties assert in their letter briefs that extending the automatic stay would also cover any appeal of the Final Award and/or Clerk's Final Judgment, the Court finds that the automatic stay and/or the injunctive relief granted herein should not extend to any such appeal related to the Final Award and/or Clerk's Final Judgment. The Complaint and the Motion only seek to extend the automatic stay and to obtain injunctive relief related to collection efforts. [Complaint ¶¶ 47–66; Memorandum in Support 21.] The Court thus does not intend to impact any appeal of the Final Award and/or the Clerk's Final Judgment.

impact, stay or enjoin any appeal of the Final Award, Clerk's Final Judgment and/or any order, judgment or judgments entered in connection therewith.

The parties shall submit a proposed order consistent with the rulings set forth herein.

**SO ORDERED.**

Dated: New York, New York　　　　　　　　　　　　　/s/John P. Mastando III
　　　　January 5, 2023　　　　　　　　　　　　　　　Honorable John P. Mastando III
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge